## COMMISSIONER OF INTERNAL REVENUE v. HINDMAN.

**No. 6115.**

Circuit Court of Appeals, Third Circuit.

Jan. 29, 1937.

Robert H. Jackson, Asst. Atty. Gen., Sewall Key and Ellis N. Slack, Sp. Assts. to Atty. Gen., and Joseph M. Jones, of Washington, D. C., for petitioner.

William A. Seifert, William Wallace Booth, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

The facts in this income tax case are correctly stated by the tax board in its findings, as follows:

"Petitioner, a resident of Wilkinsburg, Pennsylvania, is engaged in the practice of law, and during 1929 and 1930 was solicitor for the School District for the Borough of Wilkinsburg, a position which he has held continuously for twenty-nine years. The School District is a political subdivision of Pennsylvania, and is 'administered by a board of school directors elected or appointed'. This board is authorized to * * * appoint a solicitor and such other appointees, clerks or employees as it may deem proper, none of whom shall be a member of the board, and shall define their duties and fix their salaries.

"Petitioner was annually appointed solicitor by the board. He had no written contract of employment and took no oath. His salary or compensation was fixed in advance.

"As solicitor, he attended to all legal matters which came before the board; he drafted all contracts for the purchase of supplies and construction of buildings; he passed on bonds of contractors, sub-contractors and employees; he brought and defended suits of the district; he prepared resolutions relating to legal questions involved in proposed increases in bonded indebtedness, and certifications of election proceedings and records with reference to such matters; he prepared advertisements of bids for the sale of bonds; he advised in respect of insurance contracts and questions of tuition for non-resident pupils, and handled claims arising from accidents and injury to pupils; he negotiated the purchase of property required for school purposes, or arranged to condemn it. He attended the regular and special meetings of

the board and some meetings of its committees.

"The school board directed the petitioner to handle legal questions as such matters required attention. The petitioner gave his work for the School District preference over his private law practice. The school board determined the action to be taken in matters involving the institution of legal proceedings. The school board did not always follow the advice of the petitioner in such and other legal matters.

"During his employment as solicitor for the school board the petitioner was free to, and did, engage in other law work, reporting income therefrom of $24,369.29 in 1929 and $9,437.44 in 1930.

"In 1929 and 1930 he received from the board $3,500 and $2,400, respectively, as compensation for his services as solicitor for the School District. He did not report these amounts in his income tax returns."

In pursuance thereof, the Board held: "In R. Lawrence Coughlin et al. v. Com'r, 32 B.T.A. 1048, we held that the compensation the petitioner there received from the School District of the Borough of Duryea, Pennsylvania, in 1930 and 1931 for services rendered in those years as solicitor for the School District was immune from Federal income tax. Following our decision in that proceeding, the first issue is decided in favor of the petitioner."

After consideration had, this court finds itself in accord with the tax board's action. So holding, the appeal of the Commissioner is dismissed.